**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James M. Brannan, ) | No. CV 10-1929-PHX-JAT |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Federal National Mortgage Association; ) Wells Fargo Bank, N.A., ) | |
| Defendants. ) | |

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

In this case, the notice of removal fails to sufficiently plead diversity jurisdiction. *See* 28 U.S.C. § 1332; *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192; - - - U.S. - - - (2010); *Handcock Fin. Corp. v. Fed. Sav. And Loan Ins. Corp.*, 492 F.2d 1325, 1329 (9th Cir. 1974) (holding that a corporation that is chartered by the federal government and has its principal place of business in the District of Columbia "has citizenship in no particular state for diversity purposes"); *Prize Energy Resources, L.P. v. Santa Fe Pacific Railroad Co.*, 2009 WL 160359, 3-4 (Dist. Ariz. 2009) (same).

Accordingly,

**IT IS ORDERED** that by October 25, 2010, Defendants (as the parties asserting jurisdiction and therefore, with the burden of pleading jurisdiction, *see Lew v. Moss*, 797

1 F.2d 747, 749 (9th Cir. 1986)) shall file an amended notice of removal properly alleging
2 federal subject matter jurisdiction, or this case will be remanded for lack of federal subject
3 matter jurisdiction.[1]

4     DATED this 6th day of October, 2010.

                                 James A. Teilborg
                                 United States District Judge

---

[1] The amended notice of removal must contain all jurisdictional allegations sufficient to plead jurisdiction in one document and should not anticipate that the Court will read any previous filings to assess jurisdiction. *See Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 695-96 (9th Cir. 2005); *Valdez v. Allstate*, 372 F.3d 1115, 1117 (9th Cir. 2004).

- 2 -